# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 19-238

**STATE OF LOUISIANA**

**VERSUS**

**MARLON RAY RACHAL, II**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C 23803
HONORABLE DESIREE DYESS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy H. Ezell, and John E. Conery, Judges.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED WITH INSTRUCTIONS.**

**Billy Joseph Harrington**
**District Attorney**
**Tenth Judicial District**
**P. O. Box 838**
**Natchitoches, LA 71458-0838**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
    State of Louisiana

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 991-9757**
**COUNSEL FOR APPELLANT:**
    Marlon Ray Rachal, II

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On March 5, 2006, Defendant, Marlon Ray Rachal, II, and his father, Marlon Rachal, Sr., had an argument over some speakers. At some point in the dispute, Defendant fatally shot his father in their home.

Defendant was indicted for the second degree murder of Marlon Rachal, Sr., a violation of La.R.S. 14:30.1, on April 15, 2016. Defendant originally entered a plea of not guilty, but he changed his plea to guilty of manslaughter, a violation of La.R.S. 14:31, on November 16, 2017. The indictment was amended at the plea hearing pursuant to the plea agreement.

The trial court sentenced Defendant to serve thirty years with the Department of Corrections at hard labor, with credit for time served. Defendant filed a motion to reconsider his sentence, and the trial court denied it on April 16, 2018. Defendant filed a motion for appeal on May 18, 2018, but the trial court denied it as untimely on June 19, 2018. Defendant filed a motion for an out-of-time appeal on October 8, 2018, and the trial court granted the appeal the same day.

Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging there are no non-frivolous issues on which to base an appeal and seeking to withdraw as Defendant's counsel. Defendant has also filed a pro se brief. We grant the motion to withdraw and affirm Defendant's conviction and sentence. We also instruct the trial court to notify Defendant of the time limitation of La.Code Crim.P. art. 930.8.

## PRO SE ASSIGNMENT OF ERROR

Defendant sent a letter to this court explaining how another defendant, also in Natchitoches and a year older than he, was sentenced to twenty years of imprisonment with five years of supervised probation in a similar case. That

2

defendant had also been charged with second degree murder and had pled guilty to manslaughter. Defendant submitted what purported to be an article about the other defendant's case, and he asked this court to consider lessening his sentence based on that article.

Defendant's sentence was based on the record of this matter. As discussed further below, Defendant signed a plea agreement that waived his right to appeal his sentence, and he also received a substantial benefit from his guilty plea. An unsubstantiated article not filed in the trial court cannot constitute sufficient evidence on which to shorten the term of Defendant's sentence.

## *ANDERS* ANALYSIS

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*, 386 U.S. 738:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "assure the court that the indigent defendant's constitutional rights have not been

3

violated." *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983) and quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895, 1903 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241. Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "'a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.'" *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Pursuant to *Anders*, 386 U.S. 738, and *Jyles*, 704 So.2d 241, appellate counsel filed a brief citing two potential errors for appeal. First, counsel considered an excessive sentence argument. Counsel first determined Defendant waived his right to appeal his sentence as part of his plea agreement. Nevertheless, counsel examined the sentence and believed the trial court did not abuse its discretion in imposing it. Counsel noted the sentence imposed was within the sentencing range and in line with sentences imposed in similar cases. Counsel also noted the benefit Defendant received from his plea to a lesser charge and from the dismissal of three other pending cases.

Next, counsel considered whether the trial court erred by failing to advise Defendant of the time limitation for post-conviction relief (PCR) in accordance with La.Code Crim.P. art. 930.8. Counsel noted the trial court advised Defendant at the plea hearing that he had waived his right to seek PCR as part of his plea agreement. Counsel further determined the failure to advise Defendant of the time limitation was not an appealable issue and had no bearing on whether the sentence was

4

excessive.  Counsel concluded that sending Defendant notice of the time limitation would be sufficient.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and have confirmed the statements by counsel.  Defendant was present and represented by counsel at all crucial stages of the proceedings, and he acknowledged his guilty plea on the plea form.  The trial court correctly informed Defendant of his rights under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969) and discussed his possible sentence for manslaughter.

Our review of the record reveals no issues that would support an assignment of error on appeal beyond the potential issues addressed by counsel.  Therefore, we grant appellate counsel's motion to withdraw and affirm Defendant's conviction and sentence.

Louisiana Code of Criminal Procedure Article 930.8 provides Defendant has two years after the conviction and sentence become final to seek PCR.  The trial court is ordered to notify Defendant of the provisions of La.Code Crim.P. art. 930.8.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED WITH INSTRUCTIONS.**